IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK DIRTON | : | |
|    Plaintiff | : | |
| v | : | Civil Action No.RDB-09-681 |
| | : | |
| STATE OF MARYLAND, *et al.* | : | |
| | : | |
|    Defendants | : | |

o0o

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 18. Plaintiff opposes the motion. Paper No. 20. Also pending is Plaintiff's Motion to Appoint Counsel. Paper No. 11. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2008).

### Motion to Appoint Counsel

Plaintiff seeks appointment of counsel and cites his indigency, imprisonment, and the complexity of this case in support thereof. Paper No. 11. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.* Upon careful consideration of the motions and previous filings by Plaintiff, this Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

himself, or secure meaningful assistance in doing so. Moreover, Plaintiff's excessive force claim is not unduly complicated. Therefore, this Court concludes there are no exceptional circumstances which would warrant the appointment of an attorney under §1915(e)(1). His motion shall be denied.

## Background

Plaintiff alleges that on August 15, 2008, at 11:30 a.m., Sergeant Smith closed the feed-up slot on his hand. Paper No. 1. He further claims that Smith refused to obtain medical care for him following the incident. He states a barrier was placed in front of his door, that his feed-up slot remained open until 4:30 p.m., and he was not seen by medical personnel until 4:30 p.m. when he received his seizure medication.

Defendants claim there is no documentation of a serious incident occurring on August 15, 2008. Paper No. 18. Defendants note, however, that medical staff were called to Plaintiff's cell because he was found on the floor of his cell surrounded by a wet substance. *Id*. at Ex. 4, p. 4. Plaintiff's head was moving in a jerking motion. He was able to answer certain questions and resisted having his pupils checked. *Id*. The questions asked of Plaintiff established that he was aware of what was happening during the time he was supposed to be having a seizure. Based on the circumstances, medical staff determined that Plaintiff was faking a seizure. *Id*. After medical staff left, Plaintiff jumped off his bunk and began swearing at prison staff. *Id*. There is no indication that Plaintiff suffered an injury as the result of an alleged assault by staff. *Id*. at Ex. 4.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

> together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). If the injuries sustained as a result of the alleged excessive force are *de minimis*, the plaintiff cannot prevail on an Eighth Amendment claim, unless extraordinary circumstances are present. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). "Extraordinary circumstances are present when the force used is of a sort repugnant to the conscience of mankind or the pain itself is such that it can properly be said to constitute more than de minimis injury." *Taylor v. McDuffie*, 155 F. 3d 479, 483 (4th Cir. 1998); *see also Riley v. Dorton*, 115 F. 3d 1159, 1166 (4th Cir. 1997) (record must support a finding that plaintiff sustained more than de minimis injury).

      Plaintiff's response in opposition consists mainly of medical documents, none of which establish that he sustained an injury as a result of the alleged assault on August 15, 2008. Paper No. 20. He does not deny that he faked a seizure or that he suffered no injuries due to Defendants' conduct on the date in question. As such, Plaintiff has failed to establish an Eighth Amendment violation. A separate Order construing Defendants' motion as a Motion for Summary Judgment and granting same, follows.

<u>November 19, 2009</u>   /s/_____
Date   RICHARD D. BENNETT
                                    UNITED STATES DISTRICT JUDGE